IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND D. JACKSON, SR.,

    Plaintiff,                    No. CIV S-05-2338 LKK KJM P

    vs.

TERESA SCHWARTZ, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under the authority of 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $10.40 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1  preceding month's income credited to plaintiff's prison trust account. These payments will be
2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3  account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
6  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief. 28
9  U.S.C. § 1915A(b)(1),(2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
14 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989); Franklin, 745 F.2d at 1227.

17        A complaint, or portion thereof, should only be dismissed for failure to state a
18 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19 of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
20 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
22 complaint under this standard, the court must accept as true the allegations of the complaint in
23 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26 /////

In his amended complaint, plaintiff alleges defendant Miller, a correctional counsel, had plaintiff removed from his prison job as classification clerk for the Unit I counselors and placed in a non-paying position because of his race and religion. Amended Complaint (Am. Compl.) ¶¶ II 12, 13, 21. This action was upheld by the unit classification committee composed of defendants Moreno, Prebula and Donahue. Am. Compl. ¶¶ II 16, 17.

Once plaintiff discovered the position was not a paying one, he attempted to file a grievance. Am. Compl. ¶¶ II 25-26. Defendant Cry, the appeals coordinator, rejected plaintiff's grievance as untimely and defendant Schwartz, the warden, returned various documents to him without comment. Am. Compl. ¶¶ II 28, 30 , 33, 34. Defendant Piazza, another appeals coordinator, said she would look into the matter, but took no action. Am. Compl. ¶¶ II 31, 35. Defendant Grannis, the chief of inmate appeals, rejected the grievance documents. Am. Compl. ¶ II 29.

While a prisoner has no constitutional right to a particular prison job, racial or religious discrimination in the assignment of jobs violates a prisoner's Fourteenth Amendment rights. Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004); Freeman v. Arpaio, 125 F.3d 732, 737-38 (9th Cir. 1997). Plaintiff has alleged that defendant Miller acted out of racial and religious animus. As to defendants Moreno, Prebula and Donahue, however, he alleges only that they upheld the job change, but not that they acted for discriminatory reasons. Plaintiff will be given an opportunity to amend this portion of his complaint, if he can do so while complying fully with the requirements of Federal Rule of Civil Procedure 11.

There is no constitutional right to a grievance procedure, so any deficiencies in the response to plaintiff's grievances do not state a claim cognizable in a civil rights act. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, those sections of the complaint alleging that defendants Cry, Piazza, Schwartz and Grannis did not handle plaintiff's grievances properly do not state a claim under the Civil Rights Act and should not be included in any amended complaint.

Finally, plaintiff alleges that defendant Schwartz failed to intervene and failed to train prison personnel.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (discussing requisite causal connection in Section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's allegations concerning defendant Schwartz are too conclusory for this court to determine whether he states a claim that defendant Schwartz violated plaintiff's rights.  He will be given a chance to amend this portion of his complaint.

/////

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $10.40. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled " Second Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

/////
/////
/////
/////
/////

1        5. The Clerk of the Court is directed to send plaintiff a form for a civil rights
2  action by a prisoner.
3  DATED: May 19, 2006.

                                       _____
                                       UNITED STATES MAGISTRATE JUDGE

2/jack2338.14